```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                     CORPUS CHRISTI DIVISION

EMERICA GARCIA AND              §
     GLORIA GARCIA              §
                                §
     Plaintiffs,                §
                                §
vs.                             §    C.A. NO. C-07-359
                                §
A. CONTRERAS, ET AL.            §
                                §
     Defendants.                §
```

### ORDER DISMISSING KLEBERG COUNTY DEFENDANTS WITH PREJUDICE AND RETAINING CASE

On Friday, February 22, 2008, the Court held an Initial Pretrial Conference ("IPTC") in this case (D.E. 9). In addition, the Court conducted a show cause hearing for plaintiffs to establish why they had failed to serve summons of the suit on certain defendants. (D.E. 10). For the reasons stated at the hearing and herein, the Court retains certain of plaintiffs' claims against the City of Kingsville and the individual City of Kingsville police officers. Plaintiffs' claims against the Kleberg County defendants are dismissed with prejudice.

**I.  Jurisdiction.**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as plaintiffs allege violations of their constitutional rights.

**II. Plaintiffs' factual allegations.**

In their original complaint, plaintiffs claim that, on an

unidentified date, their minor grandson was questioned by two Kleberg County officers, Detective Mendoza and Officer Longoria. As a result of the questioning, their grandson ultimately confessed to theft of City property.

Following the interrogation of plaintiffs' grandson, on August 26, 2005, certain Kleberg County Sheriff Department officers arrived at plaintiffs' home and announced they had a search warrant to execute. Plaintiffs claim that they requested to see a copy of the warrant, but that the officers refused to show the warrant to them. A dispute arose, and the Kingsville Police were called to the scene. Plaintiffs alleged that they attempted to surrender boxes of Freon to the police, but that the police used tazer guns on them, unprovoked, causing them pain and suffering.

Plaintiffs' grandson was convicted of theft of City property, but his conviction was reversed on appeal. Plaintiffs were never changed with an offense.

**III. Proceedings and plaintiffs' alleged causes of actions.**

On August 26, 2007,[1] plaintiffs filed the instant lawsuit, alleging *inter alia*, claims of excessive force, illegal search and seizure, discrimination, and violations of the Texas Tort Claims Act, and named a total of thirteen defendants: (1) Kleberg County; four Kleberg County sheriff deputies: (2) Detective Mendoza; (3)

---

[1] Plaintiffs' case was filed on August 24, 2007, two days before the statute of limitations had run. See Misc. Case No. 2:07mc103.

Officer Longoria; (4) Officer Cantu; and (5) Officer Cisneros; (collectively, "the Kleberg County defendants");(6) the City of Kingsville; six City of Kingsville police officers: (7) A. Contreras; (8)Gracie Garcia; (9)Augustine Ruiz; (10)R. Kirkpatrick; (11)J. McGee; (12) H. Gonzalez; and one former city police officer, (13)Juan Garcia;(collectively,"the City of Kingsville defendants").

On September 6, 2006, a hearing was held on plaintiffs' application to proceed *in forma pauperis* ("i.f.p."). See 2:07mc103. At the hearing, plaintiffs testified that they were representing themselves in this matter. The magistrate judge stated that, if they were going to proceed *pro se*, they would have to push their case forward and do it right. (DR[2] at 30:03:27). The magistrate judge urged them to retain counsel to prosecute their claims, and he provided them with the names of two organizations that might assist them in finding legal representation. The magistrate judge explained that the Coastal Bend Bar Association might have lawyers that would take their case on either a pro bono or contingency fee basis. He also referred them to the Texas RioGrande Valley Legal Aid organization. The magistrate judge stated that, even if these organizations could not find a lawyer for plaintiffs, they could point them in the right direction. He stressed that the case had

---

[2] "DR" refers to digital recording.

indeed been filed,[3] and that if plaintiffs wanted to go forward, they must prosecute their claims, or must find a lawyer to do so.

Mr. Garcia testified that he had spoken with a lawyer named Mr. Donald Hull in Houston, Texas and that Mr. Hull had prepared the original complaint. Mr. Garcia did not think Mr. Hull was certified in Texas. (DR 3:02:18).

Mr. Garcia stated that he was told he could get a court appointed lawyer. (DR 3:07:59). The magistrate judge told him appointment of counsel in civil cases was generally not done. Mr. Garcia stated that he had been trying to get a lawyer for two years. The magistrate judge again advised him to contact the Corpus Christi Bar Association and the Texas RioGrande Valley Legal Aid to see if they could help. He reiterated that, if plaintiffs were going forward with their claims, they must represent themselves or get an attorney, or their claims would be dismissed. (DR 3:11:03).

Mr. Garcia told the magistrate judge that there was a second incident in January 2005 in which their civil rights were violated. (DR 3:08:00). The magistrate judge told plaintiffs that the instant lawsuit addressed only the August 26, 2004 incident. He advised plaintiffs that they could seek leave to amend their

---

[3] At the hearing, plaintiffs seemed somewhat surprised that their action was pending. The magistrate judge showed them a copy of the original complaint with their signatures, and each plaintiff affirmed that he or she had indeed signed the complaint.

lawsuit or file a separate action concerning that claim.

The magistrate judge granted plaintiffs' motion to proceed i.f.p. He told them that they must prepare a summons for each defendant named in the lawsuit and give the prepared summons, each with a copy of the complaint, to the clerk, to have the Marshals serve the named defendants within 120 days. (DR 3:12:26). The magistrate judge specifically explained to plaintiffs that it was their responsibility to prepare the summons for each defendant, make the appropriate number of copies of the complaint, and file the prepared paperwork with the Clerk, but that the cost of serving the summons by the Marshal would be waived. Mrs. Garcia asked if they must prepare the summons if they had an attorney. The magistrate judge responded that either they or their attorney must prepare the summons and serve defendants within 120 days. (DR 3:13:06).

On November 20, 2007, service was executed on the City of Kingsville by serving the Mayor and the City Manager. (See D.E. No. 4, 5).

On December 10, 2007, an Answer was filed by the City of Kingsville, along with the individual police officers A. Contreras, Juan Garcia, A. Ruiz, Gracie Garcia, R. Kirkpatrick, J. McKee, and H. Gonzalez. (D.E. 6). The individual defendants did not object to insufficient service in their Answer, and as such, have waived the objection. See Fed. R. Civ. P. 12(h)(1).

By order entered February 1, 2008, plaintiffs were ordered to show cause why their claims against the unserved Kleberg County defendants should not be dismissed for failure to prosecute. (D.E. 10).

On February 21, 2008, plaintiffs filed a motion of request for issuance of **summons** wherein they cite to Rule 4(c)(3), Fed. R. Civ. P., and request that the Court order **service** on the Kleberg County defendants. (D.E. 15).

The show cause hearing was held in conjunction with the IPTC on February 22, 2008. (D.E. 17). At the hearing, plaintiffs confirmed that they were proceeding *pro se*. Plaintiffs admitted that they had not prepared a summons for any defendant. They were not sure who had prepared the summons for the City of Kingsville, but speculated that it was Mr. Hull.

Concerning their causes of action, plaintiffs alleged that the City of Kingsville violated their constitutional rights when its police officers used tazers against them during the search of their home on August 26, 2004, and again in January 2005, when officers used a tazer against Mr. Garcia, causing him to have to go to the hospital.

**IV. Discussion.**

    **A.** *Pro se* **plaintiffs.**

In general, the courts afford *pro se* litigants with a certain

amount of latitude in the presentation and preservation of their rights.  Haines v. Kerner, 404 U.S. 519 520-21 (1972).  However, this does not mean that *pro se* plaintiffs may disregard the Federal Rules of Civil Procedure, by which all other litigants must abide. Martin v. Harrison County Jail,975 F.2d 192, 193 (5th Cir. 1992); see also Ogbodiegwu v. Wackenhut Corrections Corp., 202 F.3d 265 (5th Cir. 1999) (unpublished table opinion) ("Although the pleadings filed by *pro se* parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' *pro se* parties must still comply with rules of procedure and make arguments capable of withstanding summary judgment." (citing Haines, 404 U.S. at 520). The latitude afforded to *pro se* plaintiffs cannot be reasonably understood to allow them to set their own time schedules and fabricate their own rules.  Id.

   **B.    Kleberg County defendants**.

A plaintiff proceeding i.f.p. "is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is no fault of the litigant." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  However, in this case, plaintiffs were specifically advised that the U.S. Marshal stood ready and waiting to effect service after **plaintiffs** had prepared the summons.  At the i.f.p. hearing, the magistrate judge

cautioned plaintiffs that, if they were going to proceed *pro se*, they must prepare the summons so that service could be effected timely on defendants.  Moreover, he told them that they could obtain the summons forms at the Clerk's office on the second floor of the Federal Courthouse.  He told them they must complete a summons for each named defendant, attach a copy of the complaint to each summons, and then give the completed paperwork to the Clerk so that it could be forwarded to the Marshal for service.  He advised plaintiffs of the 120-day deadline to complete service.

The City of Kingsville was served, and the individual city employees have waived the insufficiency of service by filing their answer with no objection. However, the other five defendants, Kleberg County, Detective Mendoza, Officer Longoria, Officer Cantu, and Officer Cisneros, have never been served.  The 120 days ran on January 6, 2008.

At the show cause hearing, plaintiffs offered no good cause for failing to prepare the summons.  At the i.f.p. hearing, each plaintiff testified that he or she both speaks and writes English, and that each prefers to communicate in English.  Plaintiffs have five grown children who assist them when necessary.  They have access to an attorney in Houston who has assisted them in the past. Despite their assertions of having looked for an attorney for two years, they were unable to provide the names of any lawyer to whom they spoke seriously about taking their case, nor did they claim to

have followed-up on the magistrate judge's recommendation of contacting the Coastal Bend Bar Association or the Texas RioGrande Valley Legal Aid.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative, after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiffs have failed to demonstrate good cause. Moreover, dismissal with prejudice is warranted because plaintiffs' claims against Kleberg County and the individual Kleberg County officers arising from either the August 26, 2004 date or even the later January 2005 incident are now barred by the two-year statute of limitations. See Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 418 (5th Cir. 2006) (affirming dismissal of claims with prejudice for failure to effect service timely where limitations had run). Thus, plaintiffs' claims against the Kleberg County defendants are hereby dismissed with prejudice for failure to prosecute.

**C.   Causes of actions.**

**1.   Section 1983 claims reinstated.**

Plaintiffs have alleged various civil rights violations cognizable under 42 U.S.C. § 1983 against the City of Kingsville defendants.  Indeed, in their answer, defendants responded to those claims, (see D.E. 6), and the Court finds those claims are best addressed in a dispositive motion.  Thus, to the extent the Court disposed of those claims at the IPTC, the Court VACATES its ruling, and reinstates plaintiffs' § 1983 causes of action against the City of Kingsville defendants.

**2.   Texas Tort Claims Act.**

Plaintiffs' claims under the Texas Tort Claims Act are against the City of Kingsville only.  The Court dismisses with prejudice any claims arising under the Texas Tort Claims Act against the individual defendants.

**3.   Section 1981.**

Plaintiffs claim that they were harassed and discriminated against in violation of 42 U.S.C. § 1981.  In the context of a damages action brought against governmental units, § 1983 provides the ***exclusive*** federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor in his or her official or individual capacity.  Jett v. Dallas Indep. Sch. Dist., 798 F.2d 748, 762 (5th Cir. 1986).  Thus, to the extent plaintiffs purport to raise harassment and discrimination claims under § 1981, those claims must be pursued

via § 1983.  Thus, plaintiffs' § 1981 claims are dismissed.

**IV. Conclusion.**

For the reasons discussed above, the Court ORDERS the following:

(1) Plaintiffs' claims against the Kleberg County defendants are DISMISSED WITH PREJUDICE for failure to prosecute, and plaintiffs shall take nothing on their claims against the Kleberg County defendants;

(2)  The Court retains plaintiffs' § 1983 claims against the City of Kingsville defendants;

(3)   The Court retains plaintiffs' Texas Tort Claims Act against the City of Kingsville and dismisses such claims against the individual City of Kingsville officers with prejudice;

(4)   The Court dismisses with prejudice plaintiff's § 1981 claims.

SIGNED and ENTERED this 28th day of February, 2008.

_____
Janis Graham Jack
United States District Judge