UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EMERICA GARCIA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-07-359 |
| | § | |
| A CONTRERAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiffs Emerica and Gloria Garcia ("plaintiffs") move for reconsideration (D.E. 21) pursuant to Federal Rule of Civil Procedure 59(e), of this Court's February 28, 2008 order dismissing with prejudice plaintiffs' claims against the Kleberg County defendants for failure to prosecute. (D.E. 20). For the reasons set forth below, plaintiffs' motion for reconsideration is DENIED. **I.   Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action. 28 U.S.C. § 1331.

**II.   Procedural Background.**

Plaintiffs filed this civil action on August 26, 2007 alleging civil rights violations against Kleberg County, the City of Kingsville, and individual peace officers employed by the municipalities. On September 6, 2007, the magistrate judge granted plaintiffs' application to proceed *in forma pauperis* ("i.f.p."). At the i.f.p. hearing, the magistrate judge repeatedly advised plaintiffs to obtain counsel, gave them the names of legal aid organizations that might assist them, and cautioned them that, if they proceeded *pro se*, they must adhere to the applicable federal and local rules of civil procedure and all court deadlines, including service of summons on all defendants within 120 days. See Fed. R. Civ. P. 4(m).

On November 20, 2007, service was executed on the City of Kingsville by serving the Mayor and the City Manager. (See D.E. No. 4, 5). On December 10, 2007, the City of Kingsville, along with certain individual City of Kingsville police officers, filed their Answer. (D.E. 6).

On February 1, 2008, plaintiffs were ordered to show cause why their claims against the unserved Kleberg County defendants should not be dismissed for failure to prosecute. (D.E. 10).

The show cause hearing was held in conjunction with the initial pretrial conference on February 22, 2008. (D.E. 17). At the hearing, plaintiffs confirmed that they were proceeding *pro se.* Plaintiffs admitted that they had not prepared a summons for any defendant. They were not sure who had prepared the summons for the City of Kingsville, but speculated that it was an attorney friend in Houston, Mr. Donald Hull.

By Order of Dismissal entered February 28, 2008, plaintiffs' claims against Kleberg County and the individual Kleberg County peace officers were dismissed for failure to prosecute. Fed. R. Civ. P. 41(b). Pursuant to Fifth Circuit case law, the dismissal was with prejudice because limitations had run on plaintiffs' claims with no service effected. See Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 418 (5th Cir. 2006) (affirming dismissal of claims with prejudice for failure to effect service timely where limitations had run).

**III.    Discussion.**

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000). In this case, final judgment was entered on February 28, 2006 (D.E. 15). The Order of Dismissal was entered on February 28, 2008. (D.E. 20). Excluding intermediate Saturdays and Sundays, plaintiffs' motion for reconsideration was due, at

the latest, by March 13, 2008.  See Fed. R. Civ. P. 6(a).  The motion was filed on March 12, 2008, and therefore, and is considered properly under Rule 59(e).

A Rule 59(e) motion is one that seeks to "alter or amend" a previous judgment entered by the Court.  Fed. R. Civ. P. 59(e).  It is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).  The Fifth Circuit has held "that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  Templet, 367 F.3d at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) ("These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued").

In their motion for reconsideration, plaintiffs argue that the Court erred in dismissing its claims against the Kleberg defendants because "...there was [sic] no claims asserted against these particular Defendants" in the original complaint.  (D.E. 21 at 1-2).  They argue that a dismissal for want of prosecution only applies when a plaintiff has asserted a claim against a defendant, and does not provide for dismissal against a defendant "who would have a claim brought against it in the future."  Id. at 2.  Plaintiffs' argument is without merit.

It is curious that plaintiffs would argue that they raised no claims against the Kleberg County defendants in their original complaint.  Indeed, in their initial pleading, plaintiffs complained about Kleberg County's execution of a search warrant at their home on August 26, 2005, and identified by name four individual peace officers employed by Kleberg County. (See D.E. 1).  At the show cause hearing, plaintiffs testified that they also wanted to complain about

3

events that occurred on January 6, 2006.  Regardless of whether plaintiffs properly raised their claims in their original complaint, the fact remains that the filing of the original complaint without service on defendants did not toll limitations as to either their August 26, 2005, or January 6, 2005 claims against those defendants.  Sealed Appellant, 452 F.3d at 418.  The Court's order of dismissal, entered February 28, 2008, was entered well after limitations had expired on plaintiff's August 26, 2005 claims and almost 6 weeks after limitations had run on plaintiffs' January 6, 2006 claims.[1]  Without timely service on defendants and no good cause to excuse the lack of service, the mere filing of the complaint did not toll limitations.  Id.

     Plaintiffs argue that the Court's scheduling order provided for amendment of pleadings through March 2008, such that they should be able to raise their January 6, 2006 claims at anytime up through the amendment deadline.  However, the purpose of the relation-back rule for pleading amendments is that, once litigation involving a particular transaction has been instituted, a party should not be protected by statute of limitations from later asserted claims ***that arose out of the same conduct set forth in the original pleading.***  Fed. R. Civ. P. 15(c); see also Kansas Reinsurance Co. v. Congressional Mortg. Corp., 20 F.3d 1362 (5th Cir. 1994).  In this case, it is doubtful whether the same transaction test would apply: plaintiffs complain of two separate tazer incidents occurring months apart.  Moreover, even if an amended pleading did relate back to the original complaint, the filing of a motion to amend pleadings only tolls the statute of limitations on claims that have not yet expired.  In re Enron Corp. Securities, 465 F.Supp. 2d 687, (S.D. Tex. 2006).  Plaintiffs' January 6, 2006 claims are no longer viable.  Further, it would have been within the Court's discretion to deny amendment where the amended

---

[1] Since no federal statute of limitations exists for § 1983 actions, the courts borrow the forum state's general personal injury limitations period.  Ali v. Higgs, 892 F.2d 438, 439 (5th Cir. 1990).  The applicable period in Texas is two years.  Tex. Civ. Prac. & Rem Code Ann. § 16.003(a) (West Supp. 2007).

complaint did not raise any facts not previously available.  Rosenzweig v. Azurix Corp.,332 F.3d 854, 865 (5th Cir. 2003).  There is no dispute that plaintiffs knew of their January 6, 2006 claims at the time they filed their original complaint.  Plaintiffs  failed to raise their January 6, 2006 claims in the original  complaint and failed to serve the complaint on defendants, and limitations has run on their claims against the Kleberg County defendants.

III. **Conclusion**.

There are no grounds to alter or amend the judgment. Accordingly, the Court DENIES plaintiffs' motion reconsideration. (D.E. 21).

SIGNED and ORDERED this 14th day of March, 2008.

Janis Graham Jack
United States District Judge